UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

LIBERTY MUTUAL FIRE INS. CO.

                Plaintiff,

      v.

RENNE ACQUISISTION CORP. DBA
AUTO RESOURCES GROUP; AUTO RAIL
SERVICES OF NEW BOSTON, INC., AUTO
RAIL SERVICES OF MARYLAND, INC.;
AUTO RAIL SERVICES OF KTP, INC.,
AUTO RAIL SERVICES OF
PENNSYLVANIA, INC., and
TOTAL DISTRIBUTION SERVICES, INC.

                Defendants.

Civil Case No. 3:09-CV-0511

## DEFENDANT TOTAL DISTRIBUTION SERVICES INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL CIVIL RULE 12

### INTRODUCTION

Fifty-two days before Liberty Mutual filed this declaratory judgment action ("North Carolina Action"), Liberty Mutual was served with a Complaint previously filed by TDSI against Liberty Mutual in the United States District Court for the Western District of Kentucky ("Kentucky Action"; together with North Carolina Action "Both Actions"). The previously filed Complaint involves the same parties[1] and the identical issues presented here. To allow Liberty Mutual to proceed with this later lawsuit and to thereby blatantly manipulate venue will serve as precedent for all defendants that are dissatisfied with venue to simply file a second lawsuit in a forum of their choosing. This Court must dismiss this Complaint under the first-filed rule

---

[1] In the North Carolina Action, in addition to TDSI, Liberty Mutual included its insured as defendants. As this is a direct action by TDSI allowed by law, TDSI believes it is not necessary or permissive to join the insured. The appropriate procedures for Liberty Mutual joining the other defendants to the earlier filed Kentucky Action are found in Fed. R. Civ. P. 19 and 20. Filing a separate new action on an identical claim in an effort to venue shop squanders judicial resources.

because in cases of concurrent jurisdiction of federal courts, it is well settled law that the court that first has possession of the subject (which in this case is the Western District on Kentucky) must decide it. Learning network, Inc. v. Discovery Commc'ns, 11 F. App'x 297, 300-01 (4th Cri. 2001); Volvo Road Mach., Inc. v. J. D. Evans, Inc., 2008 U.S. Dist. LEXIS 103460 (W.D.N.C. Oct. 16, 2008).

## FACTUAL AND PROCEDURAL BACKGROUND

Total Distribution Services, Inc. ("TDSI") provides transportation related handling services, including the unloading of new automobiles from railcars through a network of automobile distribution facilities, storage locations, and other facilities operated by TDSI and its sister companies throughout the United States. (See Declaration of George J. Cumming, Jr., Exhibit "1", A 14-15). TDSI entered into a contract with Renne Acquisition Corporation, Inc. d/b/a Auto Resources Group and various subsidiaries of Renne Acquisition Corporation, Inc. (collectively "ARG" or "ARG Companies") pursuant to which ARG agreed to unload new automobiles from railcars at facilities located primarily in Kentucky. Id.

While handling and transloading new automobiles from 1999 to 2006, ARG improperly handled and caused damage to hundreds of TDSI's customer's automobiles. This resulted in TDSI having to pay its customers over $1.8 million. (See Declaration of George J. Cumming, Jr., Exhibit "1", A 14-15). TDSI filed suit against ARG to recover the sums paid due to the improper handling of new automobiles with the U.S. District Court for the Western District of North Carolina. Total Distribution Services, Inc. v. Auto Resources Group Company, et al., Civil Action No. 3:06CV170-H ("Underlying Suit"). While the suit was pending, ARG through its counsel admitted liability and stipulated to the entry of judgment in favor of TDSI and against ARG in the amount of $1,851,214.23.

2

Over the next 12 months, TDSI conducted discovery in aid of judgment enforcement. During this discovery, it became apparent that ARG had ceased operations, and was insolvent. Based on information provided by ARG, on September 16, 2008 TDSI served a subpoena *duces tecum* upon Liberty Mutual in Massachusetts, seeking the production of insurance policies which ARG's financial records indicated had been purchased by ARG during the term of the contract with TDSI. The contract between TDSI and ARG required the purchase of such insurance by ARG. Liberty Mutual refused to produce any documents in defiance of the subpoena.

In light of Liberty Mutual having improperly "stonewalled" in responding to the U.S. District Court subpoena, TDSI presented Liberty Mutual with several canceled checks issued from ARG's bank accounts showing substantial premium payments from ARG to Liberty Mutual. A-20-32. After counsel for TDSI informed Liberty Mutual that it would seek Court intervention to compel compliance, Liberty Mutual finally produced its policy in August of 2009 nearly one year after being served the subpoena. A34.

Because ARG's insured facilities are principally located in Kentucky, the damage claims arose principally in Kentucky, and most non-party witnesses are located in Kentucky, TDSI filed this lawsuit with the U.S. District Court for the Western District of Kentucky. The defendant Liberty Mutual was served with the Complaint in this action on October 26, 2009.

TDSI also filed two related actions, one against St. Paul Fire & Marine Insurance Company ("St. Paul") in an action styled <u>Total Distribution Services, Inc. v. St. Paul Fire & Marine Insurance Company</u>, Civil Case No. 3:09-CV-00820-JGH ("St. Paul Action") and another against Hartford Fire Insurance Company ("Hartford") in an action styled <u>Total Distribution Services, Inc. v. Hartford Fire Insurance Company</u>, Civil Case No. 3:09-CV-00818-JGH. Each of the insurers provided claims coverage for ARG for different years.

3

Liberty Mutual and St. Paul filed virtually identical declaratory actions in this Court in an action styled <u>St. Paul Fire & Marine Insurance Company v. Renne Acquisition Corp. et al</u>, Civil Case No. 3:09-cv-00476-RLV-DSC ("St. Paul N.C. Action"). Both insurers have obviously colluded and decided that this forum better suits their position, and they have "shopped" this forum by filing their secondary lawsuits here.

Although neither a necessary nor interested party, Liberty Mutual's Complaint in this action also names the defunct ARG as a party. This was presumably done because ARG kept an administrative office in North Carolina. Liberty Mutual's Complaint in this second lawsuit alleges the identical claims at issue in the Kentucky lawsuit as the basis for its "declaratory judgment." The location of ARG's administrative office, or the office of its insurance broker, has nothing to do with the claim that accrued at facilities in Kentucky and elsewhere.

The claims which TDSI asserts accrued when Liberty Mutual's insureds improperly handled vehicles at five facilities. (See Declaration of George J. Cumming, Jr., Exhibit "1" at A-17-18). The facilities are located in O'Bannon, Kentucky; Louisville, Kentucky; Jessup, Maryland; New Boston, Michigan; and Twin Oaks, Pennsylvania. <u>None</u> of the facilities are located in North Carolina. The damages sought by TDSI were principally sustained in incidents involving the insureds at the Kentucky facilities. <u>Id.</u> The insurance policy from Liberty Mutual was issued in Kentucky. <u>None</u> of the incidents giving rise to any of the damages occurred in North Carolina. <u>Id.</u> The only connection that Liberty Mutual can offer to Norfolk Carolina is that at some point, ARG had its administrative office for the parent company located in North Carolina. All non-party witnesses however are located where the claims accrued, principally in Kentucky.

4

Witnesses and documents, including TDSI employees and, upon information and belief, former ARG employees who have personal knowledge of the covered claims are located in Kentucky and the jurisdictions of other facility locations, but not in North Carolina. (See Declaration of George J. Cumming, Jr., Exhibit "1" at A-17-18). Third party witnesses and documents relating to the damages, including inspection companies that evaluated the damage, are located in Kentucky, and to a lesser degree in other jurisdictions, but none in North Carolina.

After entry of judgment against ARG, TDSI conducted judgment enforcement discovery and found that ARG has wound down its operations and became insolvent. This prevented TDSI from satisfying its judgment against ARG, and from obtaining any copies of relevant documents including insurance policies from ARG. From its limited discovery of financial records, TDSI was able to confirm that Liberty Mutual sold an insurance policy to ARG covering the losses sustained by TDSI. For this reason, ARG as a corporation is neither a necessary nor interested party.

## ARGUMENT

### A. The Complaint Filed by Liberty Mutual Must Be Dismissed Pursuant to the First-Filed Rule

#### 1. The First-Filed Rule Applies to the Present Action

The United States Court of Appeals for the Fourth Circuit has adopted and applied the "first-filed" rule to govern cases of federal concurrent jurisdiction. Learning network, Inc. v. Discovery Commc'ns, 11 F. App'x 297, 300-01 (4th Cri. 2001); Volvo Road Mach., Inc. v. J. D. Evans, Inc., 2008 U.S. Dist. LEXIS 103460 (W.D.N.C. Oct. 16, 2008). Under the first-filed rule, the court which first has possession of the subject must decide it. Further, the first-filed rule gives a court the power to enjoin subsequent prosecution of proceedings involving the same parties and the same issues already before another district court. The two cases need not be

5

identical; rather there must be a substantial overlap. TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1 (1st Cir. 1996). The first-filed rule allows the litigants to have a single determination of their controversy, rather than several decisions which may conflict.

TDSI filed the Kentucky Action fifty-two days before Liberty Mutual filed this action, and served Liberty Mutual fifty-two days before Liberty Mutual needlessly compounded the litigation process by filing a second lawsuit. It is uncontroverted that the Kentucky Action is the first-filed action. In particular, Liberty Mutual's assertion in the North Carolina Action that it is not obligated to pay damages under its Policy is the identical issue previously raised in the Kentucky Action. Moreover, the necessary parties in this second Action and the earlier Kentucky Action are the same. It is not cost effective and is a waste of judicial resources for the North Carolina Action to proceed.

Consequently, because the necessary parties are the same in the North Carolina Action and in the Kentucky Action, and all of the issues asserted by Liberty Mutual in the North Carolina Action have previously been raised by TDSI in the Kentucky Action, this Court must dismiss this second lawsuit pursuant to the first-filed rule.[2]

### 2. No Exception to the First-Filed Rule is Applicable to the Present Case

Exceptions to the first-filed rule are rare. EEOC v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988). Courts have departed from the first-filed rule only in cases where there has been obvious bad faith or forum shopping, where the second-filed case has developed further than the initial suit, and where the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum. EEOC, 850 F.2d at 976. In order to depart from the rule, a showing of "special circumstances" is generally required.

---

[2] The court may also stay or transfer, as well as enjoin a later-filed action under the "first-to-file" rule. See Keating Fibre International, Inc. v. Weyerhaeser Company, Inc., 416 F.Supp.2d 1048 (E.D.Pa. 2006).

Learning Network, Inc. v. Discovery Commc'ns, 11 F. App'x 297, 300-01 (4th Cir. 2001). None of these exceptions have even remote application to the instant case.

TDSI did not institute suit in an improper forum in anticipation of Liberty Mutual's imminent suit in another, less favorable, forum. Liberty Mutual ignored TDSI's subpoena as well as demand for payment. The Liberty Mutual Policy includes ARG's subsidiary, Kentucky company Auto Rail Services of KTP, as an additional insured and specifically lists in its Schedule of Locations Endorsement the addresses of three ARG locations in Kentucky covered under the Policy. (Exhibit "1" at A-39-45). Clearly, Kentucky is a proper forum for a coverage action involving the Liberty Mutual Policy.[3]

Second, the North Carolina Action has not developed further than the Kentucky Action. Both cases are in the early pleadings stage. Therefore, this exception to the rule is also inapplicable. In fact the Kentucky Action is more developed as Liberty Mutual has already initiated motion practice in that case.

### B. Principals of Equity Favor Dismissal

By filing a Declaratory Judgment Complaint in North Carolina fifty-two days after being served with the Complaint in the Kentucky action, and then filing a motion to dismiss or transfer the Kentucky Action based on venue, Liberty Mutual is engaged in blatant forum shopping, with the transparent objective of changing venue to support what it perceives as a more favorable jurisdiction or law. Under these circumstances, binding U.S. Supreme Court precedent prevents a transfer. In Van Dusen v. Barrack, 376 U.S. 612 (1964) the Supreme Court ruled that a §1404(a) transfer should never result in a change in the applicable law. Specifically, the Court in Van Dunsen held that Congress, in passing that statute should not have intended a transfer to be

---

[3] Appended hereto as Exhibit "3" is a list of non-party witnesses who have personal knowledge of many of the claims at issue. All of the non-party witnesses are located in Kentucky.

accompanied by a change in law. Id. at 622. Liberty Mutual should not be allowed circumvent this rule by attempting to evade the pending action in Kentucky through strategically filing a second declaratory judgment action in North Carolina prior to responding to TDSI's complaint in Kentucky.

### C. Dismissal Pursuant to Rule 12 is the Proper Remedy

In applying the first-to-file rule, this second duplicative case can either be stayed, transferred, or dismissed. Because Liberty Mutual can still assert in the Kentucky case all defenses which it has raised in its declaratory judgment complaint, there is no practical need to stay or transfer this action, and dismissal is appropriate pursuant to Rule 12.[4]

While Liberty Mutual has named ARG as an additional party to its declaratory judgment complaint, this appears to have been done merely for self serving strategic reasons. ARG has not asserted any claim against Liberty Mutual as it lacks the resources to do so, nor is ARG a necessary party to the claims asserted by TDSI. Accordingly, there is no case or controversy directly involving ARG, and their joinder as a party in this case is peripheral at best. What's more, Liberty Mutual can always join ARG as an additional defendant in the Kentucky case in the unlikely event that it still deems it necessary.

Respectfully submitted,

**BURTON & SUE, L.L.P.**

By: /s/ _____
Gary Sue
419 N. Elm Street
P.O. Box 20083
Greensboro, NC 27420
Telephone: (336) 275-0512
Facsimile: (336) 378-1390

---

[4] Because two U.S. District Courts cannot have concurrent jurisdiction over the same claim, dismissal is appropriate in accordance with Federal Civil Rule 12(b)(6).

8

Case 3:09-cv-00511-RJC-DCK   Document 23   Filed 02/01/10   Page 8 of 9

Of Counsel:

Jeffrey D. Cohen.
**KEENAN COHEN & HOWARD P.C.**
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046
Telephone: (215) 609-1110
Facsimile: (215) 609-1117

Dated: February __, 2010

Attorneys for Defendant
Total Distribution Services, Inc.